FILED

August 15 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 11-0760

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 178N

AL BALLARD and ECOSAFE GOLD RECOVERY, LLC,

        Defendants and Appellants,

  v.

RUSSELL LEVENS and MELISSA LEVENS,

        Plaintiffs and Appellees.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark County, Cause No. CDV 2005-612
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

            Gregory W. Duncan; Attorney at Law; Helena, Montana

        For Appellees:

            Holly Jo Franz; Franz & Driscoll, PLLP; Helena, Montana

Submitted on Briefs:  July 25, 2012

Decided:  August 15, 2012

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Al Ballard and Ecosafe Gold Recovery, LLC (Ballard), appeal from the order entered by the District Court following this Court's remand in the first appeal of the case. The facts related to this dispute, which arise out the parties' written agreement, are set forth in our earlier opinion. *See Levens v. Ballard*, 2011 MT 153, 361 Mont. 108, 255 P.3d 195. We reversed the entry of judgment in favor of Ballard and held that:

> [T]he 2006 judgment in this case must be construed to prevent Ballard from excavating in his pit in such a way that the pit excavation intrudes, by sloughing, slumping, subsidence or otherwise, into the 30-foot buffer strip at the edge of Levens' property. Levens are entitled under the agreement and the judgment to have the 30-foot buffer strip remain intact.

*Levens*, ¶ 23. We also reversed the award of attorney fees to Ballard and remanded the matter for further proceedings consistent with our opinion. *Levens*, ¶ 24.

¶3 Upon remittitur, Russell and Melissa Levens (Levens) moved for an order on remand that would provide various forms of relief, including attorney fees. When Ballard did not initially respond, the District Court entered an order requiring Ballard to immediately restore the 30-foot buffer zone by appropriate filling, compacting, and buttressing. The court ordered Ballard to commence work immediately and to complete the restoration within 30 days, and imposed a $100 per day penalty for every day beyond the 30-day deadline that the restoration was incomplete. The court required Ballard to mark the boundary of the buffer zone and to pay Levens' attorney fees and costs, and scheduled a hearing to determine the proper amount of fees.

2

¶4 Ballard moved to vacate the order, citing a clerical error in his counsel's office which resulted in his failure to note and respond to Levens' motion. Ballard's briefing also revealed that Ballard had sold his mining property to J. M. Safe Haven A, LLC (Safe Haven), and argued that the relief ordered by the District Court "may be legally impossible at this point in time because Mr. Ballard does not own the property and does not have access to the property." Levens opposed the motion to vacate and moved for joinder of Safe Haven as a defendant. Safe Haven made a limited appearance to object to joinder as an unnecessary complication of the litigation because it had granted Ballard access to the property to complete the ordered restoration and for other purposes.

¶5 The District Court conducted a hearing on October 26, 2011, and thereafter issued an order. The court denied the motion to join Safe Haven, reasoning that adding Safe Haven was an unnecessary complication of the litigation in light of Ballard's continued access to the property. Noting the evidence of cracks that were appearing in Levens' property on their side of the eroded buffer zone, the court denied Ballard's motion to vacate the original order on remand because "Ballard has no meritorious defense to the Order requiring that he restore the 30-foot buffer zone." The court altered the original order by granting Ballard additional time to complete the restoration work. Finally, the court ordered Ballard to pay Levens' attorney fees and costs.

¶6 On appeal, Ballard's arguments focus primarily on the proper definition of "excavation" and the activities that he believes are permissible within the buffer zone under the parties' agreement. These are largely re-arguments of the issues that were decided adverse to Ballard in the first appeal, but he offers that this Court "somehow misinterpreted the testimony." He also argues that the buffer zone was eroded by water and wind forces beyond his control, that he no longer owns the property, and that the District Court's order constitutes a judicial taking. Ballard

asks that we reverse our earlier decision in favor of Levens and grant him attorney fees under the parties' agreement as the prevailing party.

¶7     Levens respond that Ballard's primary arguments are improper under the law of the case doctrine, that the facts developed at the hearing demonstrate that Ballard continues to have access to the property to complete the restoration work, that the takings claim was not raised below, and that attorney fees were properly awarded to Levens by the District Court pursuant to the parties' agreement, because they are the prevailing party.

¶8     Both sides have argued throughout this proceeding that they are entitled to attorney fees under their agreement as the prevailing party.  Prior to the first appeal, the District Court awarded fees to Ballard, who was then the prevailing party, on the basis of the agreement:

> [T]he issue of attorney fees is settled by the plain language of the agreement . . . . There is no qualifying language in the agreement to the effect that attorney fees are only recoverable for the initial injunction action filed in September 2005. Indeed, the Levens themselves recognized this fact when they filed the instant action, requesting costs and attorney fees.

Consistent therewith, following this Court's reversal and remand, the District Court awarded fees to Levens under the agreement because they had become the prevailing party.  In their respective appellate briefing in this appeal, both sides argue entitlement to attorney fees under the agreement as the prevailing party.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.  The primary legal issues are controlled by settled law, here, the law of the case, which the District Court correctly applied.  Ballard has no meritorious defense and the takings claim was raised for the first time on appeal.  The District Court properly awarded attorney fees to Levens under the

4

agreement.  Levens are likewise entitled to attorney fees on appeal.  *Boyne USA, Inc. v. Lone Moose Meadows, LLC*, 2010 MT 133, ¶ 26, 356 Mont. 408, 235 P.3d 1269.

¶10     Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS